IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LARRY LYDELL BELL, SR.**,

    Petitioner,

v.

**MARK NOOTH**,

    Respondent.

Case No.  2:12-CV-01628-SU

**FINDINGS AND RECOMMENDATION**

SULLIVAN, United States Magistrate Judge:

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254, challenging the constitutionality of the sentence he is currently serving for Arson in the First Degree.  This case has a complex procedural history as petitioner has challenged his sentence multiple times and courts have resentenced him on two occasions.  Petitioner challenges his most recent resentencing.  For the following reasons, the petition for writ of habeas corpus should be denied.

## BACKGROUND

In March 1999, petitioner Larry Lydell Bell intentionally set a fire in his North Portland motel room after a dispute with motel employees.  2d Exs. Re Answer Ex.2, at 35-36 (Doc. #37-2, Indictment); *State v. Bell*, 46 P.3d 216, 216 (Or. Ct. App. 2002); *Bell v. Hall*, 2007 WL 1299331,

Page 1 - FINDINGS AND RECOMMENDATION

at *1 (D. Or. Apr. 30, 2007). The fire caused $175 in property damages. *Bell v. Hall*, 2007 WL 1299331, at *1. After trial in state court, a jury found petitioner guilty of two counts of Arson in the First Degree and one lesser count of Reckless Endangerment. *State v. Bell*, 46 P.3d at 216. The trial court imposed consecutive sentences with enhancements, adding up to a term of 50 years in prison (600 months). *Bell v. Hall*, 2007 WL 1299331, at *1. Petitioner directly appealed his first sentence on the grounds that the trial court should have merged the arson counts, and the state Court of Appeals agreed. *State v. Bell*, 46 P.3d at 216-17. On remand, the trial court merged the counts, again added a sentencing enhancement, and resentenced petitioner to 20 years (240 months). *Bell v. Hall*, 2007 WL 1299331, at *2. Petitioner challenged the second sentence through state and federal channels, and, in 2007, a U.S. district court granted his petition for federal habeas corpus. *Id.*, at *1. U.S. District Court Judge Michael Mosman held that, on resentencing, the trial court judge improperly imposed the sentencing enhancement on petitioner's sentence in violation of the Sixth Amendment. *Bell v. Hall*, 2007 WL 1299331, at *7. The court held that judges could only impose such upward departures where a jury had established the requisite aggravating facts. *Id*. (citing *Apprendi v. New Jersey*, 530 US 466 (2000) and *Blakely v. Washington*, 542 US 296 (2004)).

After Judge Mosman's decision, the case was remanded back to trial court for another resentencing. This is the resentencing at issue in this case. During those proceedings, state prosecutors notified petitioner they would seek to empanel a jury to find aggravating facts to support four more upward departures on his sentence. 2d Exs. Re Answer Ex. 2, at 41 (Doc. #37-2, Notice Intent Seek Upward Departure); Pet'r's Br., at 14. Petitioner filed motions with the court opposing this step. 2d Exs. Re Answer Ex. 2, at 42-76 (Doc. #37-2, Pet'r's Mot. Dismiss & Mot. Retrial). Among his various arguments, petitioner asserted that empaneling a jury to find further sentencing

Page 2 - FINDINGS AND RECOMMENDATION

enhancements would violate his constitutional rights and would constitute double jeopardy. 2d Exs. Re Answer Ex. 2, at 61-62 (Doc. #37-2). Ultimately, after spending nearly two years in county jail awaiting resentencing, petitioner opted to enter into a plea agreement with prosecutors. Pet'r's Br., at 14; Pet'r's Br. Ex. 1, at 2-3 (Doc. #33-1, Bell Aff.). After protracted disputes and litigation over the terms of the plea deal, petitioner waived his right to a jury trial and agreed to a bench trial on a single sentencing enhancement. Resp., at 3; Pet'r's Br., at 14-20; Pet'r's Br. Ex. 1, at 4-6 (Doc. #33-1, Bell Aff.); 2d Exs. Re Answer Ex. 1, at 5-7 (Doc. #37-1, Am. J. Conviction & Sentence). The plea agreement explicitly preserved petitioner's right to appeal the added upward departure as unconstitutional. Pet'r's Br., at 14-15; 2d Exs. Re Answer Ex. 1, at 33 (Doc. #37-1). On February 17, 2012, after the bench trial, the state trial court judge found as an aggravating fact that petitioner was on supervision at the time of the offense, and accordingly, the judge granted an upward departure of 8 years (96 months) above the statutory maximum sentence of 10 years (120 months). 2d Exs. Re Answer Ex. 1, at 5-6 (Doc. #37-1, Am. J. Conviction & Sentence); *see Bell v. Hall,* 2007 WL 1299331, at *7 (finding the prescribed statutory maximum for petitioner's convictions was 120 months). In total, the judge sentenced petitioner to a term of 18 years (216 months) and 2 years of supervision. 2d Exs. Re Answer Ex. 1, at 5-7 (Doc. #37-1, Am. J. Conviction & Sentence).

      Petitioner sought state post-conviction relief, and filed this petition for writ of federal habeas corpus while his state post-conviction appeals were pending. On March 12, 2014, the Oregon Court of Appeal affirmed the trial court without opinion. Resp., at 3. The Court stayed this action pending the outcome of the state case. On June 26, 2014, the Oregon Supreme Court denied review. Pet'r's Mot. Lift Stay Ex. 1, at 1 (Doc. # 41-1, Docket Entry). Accordingly, this Court lifted the stay and allowed for supplemental briefing. Petitioner argues that his latest sentencing violated the

constitutional prohibition on double jeopardy by wrongfully imposing a new and additional penalty for the same offense. Pet'r's Br., at 3, 29-32. Respondent disagrees, arguing the resentencing did not constitute double jeopardy. Resp., at 14-15.

## LEGAL STANDARD

Before a federal court may consider the merits of a petition for habeas corpus relief, the petitioner must exhaust his claims by fairly presenting them to the state's highest court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir.2004); *Bell v. Hall*, 2007 WL 1299331, at *3. Once plaintiff has properly exhausted his claims and the court may hear the case, the court's review must conform to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA requires that a federal court review a state court's decision on the merits under a "highly deferential standard." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The federal court may only grant habeas corpus relief if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). In cases in which the "state court's decision is unaccompanied by an explanation," the habeas petitioner must still show the court had "no reasonable basis" for denying relief. *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

## DISCUSSION

### I. Exhaustion of Remedies

Initially, respondent argued the court could not hear this petition, because petitioner had not exhausted his claims before the Oregon Supreme Court. Resp., at 3. Respondent summarized

Page 4 - FINDINGS AND RECOMMENDATION

petitioner's current double jeopardy argument before this Court and then stated, "Petitioner's same allegation is pending before the Oregon Supreme Court, thus petitioner has failed to exhaust all state court remedies." Resp., at 3. Since then, the state Supreme Court has denied review, bringing an end to petitioner's state court proceedings. Moreover, as noted, respondent concedes that petitioner presented to the state Supreme Court the same argument it brings before this Court. Resp., at 3. Respondent makes no further argument that petitioner did not fairly present the federal claim to the state courts. *See* Supp. Resp., at 1-2. Accordingly, the Court finds that petitioner "afford[ed] the state courts a meaningful opportunity to consider allegations of legal error" and thereby exhausted his state remedies. *Casey*, 386 F.3d at 916; *Bell v. Hall*, 2007 WL 1299331, at *3. Accordingly, this Court may consider this case on its merits.

## II. Petitioner's Double Jeopardy Argument

Plaintiff bases his argument for habeas corpus relief on the Double Jeopardy Clause of the U.S. Constitution, which provides, "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *Benton v. Maryland*, 395 U.S. 784 (1969)(applicable to the states through the Fourteenth Amendment). In its simplest formulation, the clause "protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds by Alabama v. Smith,* 490 U.S. 794 (1989). Once a court has placed a defendant in jeopardy for an offense and jeopardy terminates with respect to that offense, the state may not again place the defendant in jeopardy for the same crime. *Sattazahn v. Pennsylvania,* 537 U.S. 101, 106 (2003). Although the underlying principle of double jeopardy is straightforward, the

U.S. Supreme Court, the Ninth Circuit, and Oregon state courts have wrestled with double jeopardy's application to sentencing proceedings.

Historically, the U.S. Supreme Court has "found double jeopardy protections inapplicable to sentencing proceedings, because the determinations at issue do not place a defendant in jeopardy for an offense" as would a trial. *Monge v. California*, 524 U.S. 721, 728 (1998)(internal citations omitted); *see United States v. DiFrancesco*, 449 U.S. 117, 134-35 (1980) (citing *Bozza v. United States*, 330 U.S. 160 (1947) and *Pearce*, 395 U.S. 711 (1969)). The Supreme Court has held that sentencing proceedings lack "the qualities of constitutional finality that attend an acquittal." *DiFrancesco*, 449 U.S. at 134. In particular, where a petitioner who has not completed serving his sentence appeals the sentence, he has no legitimate expectation of finality in the resulting sentencing proceedings and thus, double jeopardy does not apply. *See United States v. Moreno–Hernandez*, 48 F.3d 1112, 1116 (9th Cir. 1995); *United States v. Ruiz-Alvarez,* 211 F.3d 1181, 1185 (9th Cir. 2000), *as amended* (May 22, 2000); *United States v. Radmall*, 340 F.3d 798, 800 (9th Cir. 2003). In *Monge v. California,* the Supreme Court stated, "The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." 524 U.S. at 728; *DiFrancesco*, 449 U.S. at 137. Although the Supreme Court has carved out exceptions for capital cases[1] and *Apprendi* has fundamentally altered

---

[1] The Supreme Court has recognized capital cases as exceptions and applied double jeopardy protections to capital sentencing proceedings. *Sattazahn*, 537 U.S. at 106, 126 n.6; *Bullington v. Missouri*, 451 U.S. 430, 439 (1981). Thus far, these holdings have been limited to the capital sentencing context. *See Sattazahn,* 537 U.S. at 103 (announcing the opinion's purpose was to examine the Double Jeopardy Clause "in the context of capital-sentencing proceedings"); *Smith v. Hedgpeth*, 706 F.3d 1099, 1105 (9th Cir.) *cert. denied*, 133 S. Ct. 1831, 185 L. Ed. 2d 841 (2013) (limiting *Sattazahn* to the capital sentencing context).

sentencing proceedings,[2] the Supreme Court has not overturned the general rule holding double jeopardy inapplicable to sentencing proceedings. *See United States v. Rosales*, 516 F.3d 749, 757-58 (9th Cir. 2008) ("whatever the problems with *Monge*'s rationale, its holding remains valid"); *Franco v. Haviland*, 2011 WL 6736051, at *5 (N.D. Cal. Dec. 21, 2011) ("the United States Supreme Court has neither overruled nor discounted its decision in *Monge*"); *see also* *Sattazahn*, 537 U.S. at 126 n.6 (dissent footnote reiterates that double jeopardy does not prevent resentencing in non-capital cases). Moreover, state and federal courts continue to cite *Monge* and its line of cases in holding that double jeopardy does not prevent courts from correcting sentences on appeal, even where the new sentences include enhancements based on aggravating facts. *See, e.g., Franco*, 2011 WL 6736051, at *3 (double jeopardy did not preclude trial court from convening a jury to find aggravating facts and then resentencing petitioner to the same term in prison after petitioner successfully appealed his first sentence); *Montgomery v. Jacobs*, 2012 WL 3067601, at *4 (D. Ariz. June 27, 2012) *report and*

---

[2] In *Apprendi v. New Jersey*, the Court overhauled traditional sentencing proceedings by requiring that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Following *Apprendi*, the Ninth Circuit has struggled with reconciling *Monge* and its line of cases with *Apprendi*. For example, in *U.S. v. Blanton*, the Ninth Circuit questioned the "general inapplicability of the Double Jeopardy Clause to sentencing proceedings" but stopped short of finding that *Apprendi* altogether overruled *Monge*. 476 F.3d 767, 772 (9th Cir. 2007). The Blanton Court found the Double Jeopardy Clause applied in an exceptional case in which the state had appealed an acquittal judgment at a bench trial. *See U.S. v. Rosales*, 516 F.3d 749, 757-58 (9th Cir. 2008) (limiting *Blanton*); *Blanton*, 476 F.3d at 772-73. Since then, the Ninth Circuit has affirmed the continued validity of Monge and the general inapplicability of Double Jeopardy Clause to noncapital sentencing proceedings. See, e.g., *Rosales*, 516 F.3d 757-58 ("whatever the problems with Monge's rationale, its holding remains valid"); *Smith,* 706 F.3d at 1105 (declining to invalidate *Monge*'s holding with regard to noncapital sentencing proceedings).

*recommendation adopted*, 2012 WL 3067595 (D. Ariz. July 27, 2012) (double jeopardy principles did not bar court from resentencing defendant following a reversal of his original sentence); *State v. Barrett*, 255 P.3d 472, 480-81 (Or. 2011)(double jeopardy did not bar resentencing of defendant, even with the possibility of a longer sentence).

Thus, "clearly established Federal law, as determined by the Supreme Court of the United States" includes a general rule that double jeopardy protections do not apply to noncapital sentencing proceedings such as those challenged by petitioner. 28 U.S.C. § 2254(d)(1). Although petitioner provides lengthy expository on the "Evolution of Double Jeopardy Law," he does not address this general rule or any of the line of Supreme Court cases denying double jeopardy protections for noncapital sentencing proceedings. Pet'r's Br., at 29-41. Rather, petitioner argues that in his first trial, "there was a just and final judgment by his jury and, when that jury was discharged, jeopardy terminated." Supp. Reply Br., at 5. He claims, "Allowing the state to take a second bite at the apple and present additional facts in aggravation to a different fact-finder is 'grossly unfair' and violates the Double Jeopardy clause." *Id.*, at 6. However, under *Monge* and other Supreme Court holdings, the state did not take a second bite at the apple, because resentencing on remand did not place the petitioner in renewed jeopardy. Furthermore, petitioner's claim that the state presented "additional facts in aggravation" is not correct.[3] All three sentencing proceedings determined that petitioner was on supervision at the time of his offense and applied the corresponding sentencing enhancement.

---

[3] Petitioner makes similar claims in his brief, stating, "When the State used a new fact finder to find new enhancement facts nearly a decade later, it violated the Double Jeopardy Clause." Pet'r's Br., at 32.

2d Exs. Re Answer, at 57-59 (Doc.# 37-1, 2000 Am. Judgment of Conviction and Sentence), 37-38 (Doc.# 37-1, 2002 Judgment of Conviction and Sentence), 5-7 (Doc.# 37-1, 2012 Am. Judgment of Conviction and Sentence); *Bell v. Hall*, 2007 WL 1299331, at *1-*2.  The most recent sentencing court did not apply a new or additional enhancement but rather one that had been applied in each of petitioner's prior sentences, albeit not by a jury.  Although the state appeals provided no explanation for rejecting petitioner's claims, its decision was not unreasonable.  *Monge* and other well-established Supreme Court precedent supported a finding that double jeopardy protections did not apply to petitioner's sentencing proceedings.  Petitioner bears the burden of showing the state court had "no reasonable basis" for denying him relief and fails to meet this burden.[4]

The Court is aware of challenges and reconsideration of *Monge* and the present rule governing double jeopardy in sentencing proceedings, but as this is a federal habeas petition, the Court must concern itself with "clearly established Federal law as determined by the Supreme

---

[4] Both petitioner and respondent cite and discuss at length *State v. Sawatzky*, an Oregon Supreme Court case with similar facts to the present one.  125 P.3d 722 (Or. 2005).  As this is a federal habeas corpus case, this Court must review the petition in the context of "clearly established Federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d).  A federal district court may not reverse a state court denial of post-conviction relief merely because it conflicts with Ninth Circuit precedent or state court interpretations of constitutional law.  *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000); *Howard v. Clark*, 608 F.3d 563, 568 (9th Cir. 2010).  However, such opinions may be persuasive.  In any event, the Court notes that *Sawatsky*'s holding does not support petitioner's arguments for relief.  The *Sawatsky* Court held that double jeopardy did not apply to sentencing on remand, finding such a proceeding constitutes "a continuation of a single prosecution" rather than a new instance of jeopardy.  125 P.3d at 726.  Furthermore, because it was the petitioner "who challenged the legality of her sentences in the Court of Appeals, she cannot now claim she had any justifiable expectation of finality—a fundamental jeopardy requirement—with respect to her sentence."  *Id*.  Although not dispositive, *Sawatsky* militates against any finding of double jeopardy here.

Court." 28 U.S.C. § 2254(d). "A state court cannot be expected—much less required—to refer to federal law which is *not* clearly established" or to anticipate future Supreme Court jurisprudence. *Smith*, 706 F.3d 1099 at 1106 (emphasis in original). Accordingly, the Court finds the state court decision was reasonable.

## RECOMMENDATION

For the above reasons, petitioner's petition for writ of habeas corpus (Doc. #1) should be DENIED and this action DISMISSED with prejudice. Should petitioner appeal, a certificate of appealability should be DENIED as petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendations will be referred to a United States District Judge for review. Objections, if any, are due on or before September 2, 2015. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendations will go under advisement on that date.

IT IS SO ORDERED.

DATED this 19th day of August 2015.

                      /s/ Patricia Sullivan
                          Patricia Sullivan
               United States Magistrate Judge