IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY LYDELL BELL, SR.,

        Plaintiff,                       No. 2:12-cv-01628-SU

       v.                                ORDER

MARK NOOTH,

        Respondent.

HERNÁNDEZ, District Judge:

      Magistrate Judge Patricia Sullivan issued a Findings & Recommendation [49] on August 19, 2015, recommending that Petitioner Larry Lydell Bell, Sr.'s Petition for Writ of Habeas Corpus [1] be denied. Mr. Bell has timely filed objections [51] to the Findings & Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

      When a party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the

1 – ORDER

Magistrate Judge's report. 28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Petitioner's objections and conclude there is no basis to modify Judge Sullivan's Recommendation that Mr. Bell's petition for writ of habeas corpus should be denied.

The Court notes, however, an apparent error in the description of Mr. Bell's sentence in the Findings & Recommendation and offers the following clarification. Judge Sullivan wrote:

> On February 17, 2012, after the bench trial, the state trial court judge found as an aggravating fact that petitioner was on supervision at the time of the offense, and accordingly, the judge granted an upward departure of 8 years (96 months) above the statutory maximum sentence of 10 years (120 months) (citing, among others, <u>Bell v. Hall</u>, No. CIV. 04-1784-MO, 2007 WL 1299331, at *7 (D. Or. Apr. 30, 2007)).

Findings & Recommendation, ECF No. 49, at 3.

The crimes for which the jury found Mr. Bell guilty included two counts of Arson in the First Degree, which under Oregon law carries a maximum sentence of 20 years. ORS §§ 164.325 (providing that arson in the first degree is a Class A felony); 161.605 (setting the maximum prison term for Class A felonies at 20 years). Judge Sullivan's reference to the "statutory maximum sentence of 10 years (120 months)" confuses the statutory maximum sentence with the presumptive sentencing range for Arson in the First Degree based on Oregon's sentencing guidelines grid. See <u>Bell v. Hall</u>, 2007 WL 1299331 at *6 (referencing "the presumptive sentencing range for Arson in the First Degree was 116-120 months); ORS §§ 137.667, 137.669 (adopting sentencing guidelines and providing that the guidelines "constitute presumptive sentences.").

The upward departure based on Bell's probationary status in this case was a departure from the presumptive sentencing range of 116 to 120 months. Bell's first-degree arson conviction could not result in a sentence of more than 20 years (240 months), regardless of any upward departure factor.

## CONCLUSION

The Court ADOPTS Magistrate Judge Sullivan's Findings & Recommendation [49], and therefore, Petitioner's Petition for Writ of Habeas Corpus [1] is DENIED, and this action is dismissed with prejudice. The Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 12 day of November, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 – ORDER